IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**ELMER W. GERMAN**                                                                      **PLAINTIFF**

v.                                                                                                                **No. 2:06CV117-D-B**

**CORRECTIONS CORPORATION OF AMERICA**                               **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Elmer W. German (# A0156449), who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that he fell while attempting to climb down from the top bunk of his bed – and that his fall and resulting injuries occurred because the defendants did not install railings or ladders in the prison bunk beds. For the reasons set forth below, the instant case shall be dismissed as frivolous under the doctrines of *res judicata* and collateral estoppel.

*Res Judicata* **and Collateral Estoppel**

The plaintiff has already litigated the instant negligence claim in this court in *German v. Corrections Corporation of America*, 2:05CV74-D-B. Hence, all of the claims the plaintiff brings in this case are barred by the doctrine of *res judicata,* (claim preclusion), and by the related doctrine of collateral estoppel (issue preclusion). *Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire*

*Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts or proceeding under a different legal theory; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions).

In the Fifth Circuit *res judicata* bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994). Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts. *Id. Collateral estoppel*, or issue preclusion, on the other hand, precludes relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980).

The doctrine of *res judicata* bars the plaintiff from relitigating any claims or suits arising out of his fall from the top bunk – as to any parties he actually sued regarding that event. Therefore, under the doctrine of claim preclusion, all of the plaintiff's claims against Corrections Corporation of America shall be dismissed as frivolous because the plaintiff has already sued that defendant and lost regarding his fall from the top bunk. Further, under the doctrine of issue preclusion, the plaintiff's claims regarding his fall from a top bunk must be dismissed as

frivolous, as valid judgments have been entered against the plaintiff in this court covering that precise issue. Therefore, under the doctrines of claim preclusion and issue preclusion, the plaintiff's claims against Corrections Corporation of America must be dismissed as frivolous. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 5th day of September, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE